452 October 9, 2024 No. 724

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. C., aka L. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. B.,
*Appellant.*

Multnomah County Circuit Court
22JU04536;
Petition Number T2022095;
A183680

Xiomara Y. Torres, Judge.

Submitted September 13, 2024.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Vacated and remanded for reconsideration.

**PER CURIAM**

Mother has appealed a judgment terminating her parental rights to her son, L, who was two years old at the time of trial. Mother contends that the juvenile court erred in determining that termination of her parental rights is in L's best interests. In light of our decision in *Dept. Human Services v. L. C. B.*, 335 Or App 443, 446-47, ___ P3d ___ (Oct 9, 2024), decided this day, we vacate and remand for reconsideration of whether termination of mother's parental rights is in L's best interests.

A parent's rights can be terminated "upon a petition filed by the state or the ward for the purpose of freeing the ward for adoption" only if the juvenile court determines that termination "is in the best interests of the [child]." ORS 419B.500(1). Here, the state petitioned to terminate mother's and father's parental rights, asserting that it was in L's best interests to terminate mother's and father's parental rights so that L could "be freed for adoption." After considering the evidence presented by the parties, the juvenile court agreed with the state, determining that "adoption, not guardianship[,] is in the best interest of [L]", and it terminated mother's and father's parental rights to L.

Today in *L. C. B.*, which is L's father's appeal from the judgment terminating his parental rights to L, we determined that certain "evidentiary deficits in the record prevent[ed] us from concluding that DHS [had] met its burden to demonstrate that it [was] highly probable that terminating L's legal relationship with father [was] in L's best interest". 335 Or App at 446-47. Consequently, in father's case, we reversed the termination of father's parental rights. *Id.*

Although we do not know what will happen in father's case, it seems that, because father's rights are not terminated at this juncture, adoption might no longer be the state's permanent plan for L. *State v. Thomas*, 170 Or App 383, 399, 12 P3d 537 (2000) ("[T]he state cannot proceed with its plan for adoption unless and until father's rights are terminated[.]"). As noted, freeing L for adoption was the state's purpose in seeking to terminate mother's parental rights. And freeing L for adoption was a basis for the

juvenile court's determination that it would be in L's best interests to terminate mother's parental rights.

Mother and father are differently situated, and mother's focused arguments on appeal do not require that we reverse in this case like we did in father's case. In this case, it suffices to observe that, as a result of our decision in father's appeal, the termination of mother's parental rights would not seem to have the result that was anticipated by the juvenile court when it terminated mother's parental rights, or by the state when it petitioned to terminate mother's parental rights. Given those circumstances, and the particular facts of this case, we believe that the correct disposition is for us to vacate and remand for the juvenile court to reconsider the question of whether, in view of our decision in *L. C. B.*, termination of mother's parental rights is in L's best interests.[1] *See Thomas*, 170 Or App at 399 (vacating and remanding "for reconsideration limited to question of child's best interest if trial court does not terminate father's parental rights").

Vacated and remanded for reconsideration.

---

[1] We have recognized that limited circumstances exist under ORS 419B.500 in which only one parent's rights can be terminated. *State v. L. C.*, 234 Or App 347, 355, 228 P3d 594 (2010); *see also State v. Proctor,* 167 Or App 18, 34, 2 P3d 405, *adh'd to on recons.,* 169 Or App 606, 10 P3d 332 (2000) (terminating only one parent's rights). We express no opinion on whether termination of only one parent's rights would be appropriate in this case.